

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

J N
FILED
SEP X 3 2008
Sep X 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Plaintiff(s)**

Billy Harper
8149 Stony Island
Chicago Il 60617

**V.**

**Case No.** 08C4332
Judge: Kennelly

**Defendant(s)**

Johnnie Burton
Director of The U.S Bureau of Land Management

Amended Complaint

Requesting royalty payments owed to the Family of Billy Harper for oil royalties, located on the NW corner of the NW 1/4 of The SE 1/4 of Sec 18, T16S, Range 24, located in Lafayette County Ark. Also for The S 1/2, SW 1/4 of Sec 20, T16 S, R24W. Also the declared a legal heir of Adam Harper

Billy Harper

Billy Harper
8149 Stony Island
Chicago Il
60617

9/3/08

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Plaintiff(s)**
Billy Harper
8149 Stony Isl
Chicago Ill. 60617

**V.**

Case No. 08C4332

**Defendant(s)**
Johnnie Burton
Director, US Bureau of Land Management

**COMPLAINT**

Royalty payments were denied to the heir of Adam Harper, for land located in Lafayette County Arkansas, located in the NW corner, of the NW 1/4 of the SE 1/4 of Section 18, T16S, Range 24W, This is homestead land

Also royalty pmts were denied for the S 1/2, SW 1/4, Sec 20, T16S, R24W also located in Lafayette County Arkansas.

I wish to have royalty payments owed to me, and declare a legal heir to Adam Harper.

Exhibit A (5)

502.

# MINERAL DEED

*KNOW ALL MEN BY THESE PRESENTS:*

THAT Leon Harper and Hattie Mae Harper, his wife

and xxxx his wife, of Lewisville, Arkansas.

hereinafter called Grantor (whether one or more) for and in consideration of the sum of Xxxx DOLLARS ($ 10.00 ) cash in hand paid by A. E. Stewart, the receipt of which is hereby acknowledged, and other good and valuable considerations, the full performance and satisfaction of which, by the grantee, the grantor does hereby covenant, acknowledge and confess, do hereby grant, bargain, sell, convey, transfer, assign and deliver unto A. E. Stewart

of Shreveport, Louisiana hereinafter called Grantee (whether one or more) an undivided 35/100ths interest in and to all of the oil, gas distillate and other minerals in and under and that may be produced from the following described lands situated in Lafayette County, State of Arkansas, to-wit:

A 20 acre tract of land, in the form of a square, located in the Northeast corner of the NW¼ of the SE¼ of Section 18, Township 16 South, Range 24 West.

containing 20 acres, more or less, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas, distillate, and other minerals, and storing, handling, transporting and marketing the same therefrom, with the right to remove from said land all of Grantee's property and improvements.

This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease of record heretofore executed; it being understood and agreed that said Grantee shall have, receive, and enjoy the herein granted undivided interest in and to all bonuses, rents, royalties and other benefits which may accrue under the terms of said lease insofar as it covers the above described land from and after the date hereof, precisely as if the Grantee herein had been at the date of the making of said lease the owner of a similar undivided interest in and to the lands described and Grantee one of the lessors therein.

Grantor agrees to execute such further assurance as may be requisite for the full and complete enjoyment of the rights herein granted and likewise agrees that Grantee herein shall have the right at any time to redeem for said Grantor, by payment, any mortgage, taxes or other liens on the above described land, upon default of payment by Grantor, and be subrogated to the rights of the holder thereof.

TO HAVE AND TO HOLD the above described property and easement, with all and singular the rights, privileges, and appurtenances thereto or in any wise belonging, to the said Grantee herein, his heirs, successors, personal representatives, administrators, executors, and assigns forever, and Grantor do hereby warrant said title to Grantee his heirs, executors, administrators, personal representatives, successors and assigns forever and do hereby agree to defend all and singular the said property unto the said Grantee herein his heirs, successors, executors, personal representatives, and assigns against every person whomsoever claiming or to claim the same or any part thereof.

And I, Hattie Mae Harper

wife of the said Leon Harper

for and in consideration of the said sum of money do hereby join in the execution of the foregoing conveyance and do hereby release and relinquish unto the said Grantee, all my right, claim and possibility of dower and homestead in and to the above described property to the extent of the rights and interest herein above described.

WITNESS our hand s and seal this 25th day of July, 1946.

Leon Harper

Hattie Mae Harper

STATE OF Arkansas

COUNTY OF Lafayette

BE IT REMEMBERED, That on this day came in person before me, the undersigned, a Notary Public within and for the County and State aforesaid, duly commissioned and acting [illegible]

to me well known as the grantor s in the foregoing Deed, and stated that they had executed the same for the consideration and purposes therein mentioned and set forth.

And on the same day, also voluntarily appeared before me, the said [illegible] Harper

wife of the said Leon Harper

to me well known, and in the absence of her said husband declared that she had, of her own free will, executed said Deed and signed and sealed the relinquishment of dower and homestead in said Deed for the consideration and purposes therein contained and set forth, without compulsion or undue influence of her husband.

WITNESS my hand and seal as such Notary Public on this the 25th day of July, 1946

My Commission expires August 20th, 1949. (Seal) B. H. Dobson Notary Public.

Filed for record on the 25th day of July, 1946 at 1:00 o'clock P. M.

Recorded July the 26th, 1946 in Record Book H-8 on page 502.

[4—140.]

FINAL RECEIVER'S RECEIPT, No. 2298

APPLICATION, No. 4798

HOMESTEAD.

Receiver's Office, Camden Arkansas
Sept 21st, 1880.

RECEIVED of Adam Harper the sum of Two dollars cents being the balance of payment required by law for the entry of South half of South West quarter

of Section 20, Township 16 S Range 21 W containing 80 acres, under Section 2291 of the Revised Statutes of the United States.

$2.00

One dollar additional found under act R Clark 3/77

C.A. Tufts
Receiver.

# OIL AND GAS LEASE

AGREEMENT, Made and entered into 18 day of July 1946, by and between Laura Harper, Guardian of Tiza Harper, Hardy Harper and L.T.Harper

of Lewisville, Arkansas, hereinafter called lessor (whether one or more) and The Carter Oil Company

of Box 801, Tulsa, Oklahoma, hereinafter called lessee:

WITNESSETH: That the lessor, for and in consideration of Fifteen and no/100 DOLLARS ($15.00), cash in hand paid, receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the lessee to be paid, kept and performed, has granted, demised, leased and let, and by these presents does grant, demise, lease and let exclusively unto said lessee, with the exclusive right of mining, exploring by geophysical and other methods, and operating for and producing therefrom oil, gas, casinghead gas, casinghead gasoline, and laying pipe lines, telephone and telegraph lines, and building tanks, power stations, gasoline plants, ponds, roadways and structures thereon to produce, save and take care of said products, and the exclusive right of injecting water, brine and other fluids into subsurface strata, and housing and boarding employees, and any and all other rights and privileges necessary, incident to, or convenient for the economical operation alone, or conjointly with neighboring land, for the production, saving, and taking care of oil, gas, casinghead gas, casinghead gasoline and the injection of water, brine and other fluids into subsurface strata, all that certain tract of land situated in the County of LaFayette State of Arkansas, described as follows, to-wit:

20 acres in a square in the NE corner of the NW ¼ of SE¼ of Section 18, Township 16 South, Range 24 West

of Section 18 Township 16S. Range 24W. and containing 20 acres, more or less, it being the purpose and intent of the lessor herein to lease, and lessor does hereby lease, all of the lands owned by the said lessor which adjoin the lands above mentioned or which lie in the section or sections herein specified.

It is agreed that this lease will remain in force for a term of Ten years from this date and as long thereafter as oil, gas, casinghead gas, casinghead gasoline or any of them is produced from said leased premises, or drilling operations are continued as hereinafter provided. If, at the expiration of the primary term of this lease, oil or gas is not being produced on the leased premises but lessee is then engaged in drilling for oil or gas, then this lease shall continue in force so long as drilling operations are being continuously prosecuted on the leased premises; and drilling operations shall be considered to be continuously prosecuted if not more than sixty days shall elapse between the completion or abandonment of one well and the beginning of operations for the drilling of a subsequent well. If oil or gas shall be discovered and produced from any such well or wells drilled or being drilled at or after the expiration of the primary term of this lease, this lease shall continue in force so long as oil or gas shall be produced from the leased premises.

In consideration of the premises the said lessee covenants and agrees:

1st. To deliver to the credit of lessor, free of cost, in the pipe line to which lessee may connect his wells, the equal one-eighth part of all oil produced and saved from the leased premises, or at the lessee's option, may pay to the lessor for such one-eighth royalty, the market price for all oil of like grade and gravity prevailing on the day such oil is run into the pipe line or into storage tanks.

2nd. To pay the lessor one-eighth, at the market price at the well for the gas so used, for the gas from each well where gas only is found, while the same is being used off the premises, and lessor to have gas free of cost from any such well for all stoves and all inside lights in the principal dwelling house on said land during the same time by making his own connections with the wells at his own risk and expense.

3rd. To pay lessor for gas produced from any oil well and used off the premises or for the manufacture of casinghead gasoline, one-eighth, at the market price at the well for the gas so used, for the time during which such gas shall be used, said payments to be made monthly.

If no well be commenced on said land on or before one year from the date hereof, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the First National Bank at Lewisville, Arkansas, or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of 1 one dollar per acre per year DOLLARS, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. All payments or tenders may be made by check or draft of lessee or any assignee thereof, mailed or delivered on or before the rental paying date. It is understood and agreed that the consideration first recited herein, the down payment, covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred.

Should the first well drilled on the above described land be a dry hole, then, and in that event, if a second well is not commenced on said land within twelve months from the expiration of the last rental period for which rental has been paid, this lease shall terminate as to both parties, unless the lessee on or before the expiration of said twelve months shall resume the payment of rentals in the same amount and in the same manner as hereinbefore provided. And it is agreed that upon the resumption of the payment of rentals, as above provided, that the last preceding paragraph hereof, governing the payment of rentals and the effect thereof, shall continue in force just as though there had been no interruption in the rental payments.

Lessee may at any time release this lease as to part or all of the lands above described, after which all payments and liabilities thereafter to accrue, as to the lands released, shall cease and determine. In the event of a partial release, the annual delay rental above mentioned shall be reduced proportionately.

No part of the surface of the leased premises shall, without the written consent of the lessee, be let, granted, or licensed by the lessor to any other party for the erection, construction, location or maintenance of structures, tanks, pits, reservoirs, equipment or machinery to be used for the purpose of exploring, developing or operating adjacent lands for oil or gas.

If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals herein provided shall be paid the lessor only in proportion which his interest bears to the whole and undivided fee.

Lessee shall have the right to use, free of cost, gas, oil and water produced on said land for its operation thereon, except water from wells of lessor.

When requested by the lessor, lessee shall bury its pipe lines below plow depth.

No well shall be drilled nearer than 200 feet to the house or barn now on said premises, without the written consent of the lessor.

Lessee shall pay for damages caused by its operation to growing crops on said lands.

Lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing.

If the estate of either party hereto is assigned or sublet, and the privilege of assigning or subletting in whole or in part is expressly allowed, the express and implied covenants hereof shall extend to the sub-lessees or assigns, their heirs, executors, administrators and successors; and in the event of an assignment or subletting by lessee, lessee shall be relieved and discharged, as to the lands so assigned or sublet, from any liability to the lessor thereafter accruing upon any of the covenants or conditions of the lease, either express or implied. No change in the ownership of the land or assignment of rentals or royalties shall be binding on the lessee until after the lessee has been furnished with a written transfer or assignment or a true copy thereof; and it is hereby agreed in the event this lease shall be assigned or sublet as to a part or parts of the above described lands and the assignee or assignees, or sub-lessee or sub-lessees, of such part or parts shall fail or make default in the payment of the proportionate part of the rents due from him or them, such default shall not operate to defeat or affect this lease in so far as it covers a part or parts of said lands as to which the said lessee or any assignee or sub-lessee thereof shall make due payment of said rental.

If at any time there be as many as four parties entitled to rentals or royalties, lessee may withhold payments thereof unless and until all parties designate, in writing, in a recordable instrument to be filed with the lessee, a common agent to receive all payments due hereunder, and to execute division and transfer orders on behalf of said parties and their respective successors in title.

Lessor hereby warrants and agrees to defend the title to the lands herein described, and agrees that the lessee shall have the right at any time to pay for lessor, any mortgage, taxes or other liens on the above described lands, in the event of default of payment by lessor, and be subrogated to the rights of the holder thereof, and lessor hereby agrees that any such payments made by the lessee for the lessor may be deducted from any amounts of money which may become due the lessor under the terms of this lease.

All express or implied covenants of this lease shall be subject to all Federal and State Laws, Executive Orders, Rules or Regulations, and this lease shall not be terminated, in whole or in part, nor lessee held liable in damages, for failure to comply therewith, if compliance is prevented by, or if such failure is the result of, any such Law, Order, Rule or Regulation.

Should the depository bank hereafter close without a successor, lessee or his assigns may deposit rental in any National Bank located in same county with first named bank, due notice of the deposit of such rental to be mailed to lessor at last known post office address.

Should any one or more of the parties named above as lessors not execute this lease, it shall nevertheless be binding upon the party or parties executing the lease.

[illegible]

[illegible]

And I, [illegible], wife of the said XX, for and in consideration of the said sum of money and the covenants and agreements above mentioned, do hereby release and relinquish unto the said lessee all my right of dower and homestead in and to the said lands for the purpose aforesaid.

In Testimony Whereof, We Sign, as of the day and year first above written.

WITNESS:

John F. Ramsey

H.E.Watson Jr.

Laura Harper (SEAL)

Laura Harper as Guardian for Tiza (SEAL)

Harper, Hardy Harper and L.T. (SEAL)

Harper, three minors (SEAL)

(SEAL)



Bureau of Land Management - General Land Office Records

Search Land Patents | Visitors Center | FAQ

# Land Patent Details

Quick Help Bookmark Print

Home > Land Patent Search > Results List > Land Patent Details

Accession/Serial #: AR1510__.265 BLM Serial #: AR NO S/N

< previous

Patent Description | Legal Land Description | Document Image | Certified Copy

## Names

**Patentee:** ADAM HARPER

## Title Transfer

| | |
|---|---|
| **Issue Date:** | 9/9/1882 |
| **Land Office:** | Camden |
| **Cancelled:** | No |
| **Mineral Reservations:** | No |
| **Authority:** | May 20, 1862: Homestead EntryOriginal (12 Stat. 392) |

## Survey

| | |
|---|---|
| **State:** | ARKANSAS |
| **Acres:** | 80 |
| **Metes/Bounds:** | No |

## Document Numbers

| | |
|---|---|
| **Document Nr.:** | 2298 |
| **Misc. Doc. Nr.:** | 4798 |
| **Accession/Serial Nr.:** | AR1510__.265 |
| **BLM Serial Nr.:** | AR NO S/N |

Home | Search Land Patents | Visitors Center | FAQ | View Cart | Contact Us | Help



# THE STATE ARKANSAS,

COUNTY OF Lafayette

**The State of Arkansas, to all Persons to whom these Presents shall come---Greeting:**

**KNOW YE,** *That, whereas,* Adam Harper *of the County of* Lafayette *died intestate, as it is said on or about the ______ day of ______ A. D. 185 having at the time of his death, personal property in this State, which may be lost, destroyed, or diminished in value, if speedy care be not taken of the same.*

**To the end, Therefore,** *That the said property may be collected, preserved, and disposed of according to law, we do hereby appoint* George H. Dobson *of the County of* Lafayette *administrator of all and singular the goods and chattels, rights and credits, which were of the said* Adam Harper *at the time of his death, with full power and authority to secure and dispose of the said property, according to law, and to collect all moneys due said deceased, and in general to do and perform all other acts and things which are, or hereafter may be required of him by law.*

**In Testimony Whereof,** *I,* B. F. Wheat *Clerk of the Circuit Court, and ex-officio Clerk of the Court of Probate, in and for the County of* Lafayette *aforesaid, have hereunto set my hand, and affixed the seal of said Court at office this* 27 *day of* February *A. D.* 1882

(Seal)

B. F. Wheat **CLERK.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Plaintiff(s)
Billy Harper
8149 Stony ISL
Chicago Ill 60617

V.

Case No. 08C4332

Arkansas Gas - Oil Commission/Director Grant Black
2215 N Hillsboro
P.O. Box 1472

Judge - Kennelly

Defendant(s)

El Dorado Arkansas
71731-1472

## AMENDED COMPLAINT

Arkansas Gas - Oil including, Director Grant Black, have denied royalty payments to the heir's of Adam - Harkless Harper, when oil was pumped on 16, 16. 24W located in Lewisville Arkansas. yet royalties were paid to other family members of Adam - Harkless Harper.

I wish to receive royalties owed to me - be declared an heir to both Adam - Harkless Harper.

Exhibit A (6)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Plaintiff(s)**
Billy Harper
8149 Stony Island
Chicago Ill, 60617
**V.**

**Case No.** 08 C 4332
Judge Kennelly

**Defendant(s)**

Arkansas Gas & Oil
Director Grant Black
2215 West Hillsboro
P.O Box 1472
El Dorado, Arkansas
71731-1472

Amended Complaint

Requesting royalty payments, to the heir of Adam & Harkless Harper on 16, 16, 24W Located in Lewisville Arkansas. Declared heir to Adam & Harkless Harper

Billy Harper
Billy Harper
8149 Stony Island
Chicago Ill 60617
9/3/08

**Here is some important information that you need.**

**Layton Oil Company became L & G Oil Company. One of the owners was Michail Golestic. I may have misspelled that name. The L &G Oil Company then became Alma Oil Company and now is Lion Oil Company of El Dorado, Arkansas.**

**There is only two oil wells still producing in "Y" addition of Lewisville. This is where all of the Harpers live. The person now owning those wells is Mark Thomas.**

**The standard production duration for a producing well is about 20 years.**

**I made a call to Lydia Smith who works for Lion Oil Company while I was in Lewisville. She gave me the following information. (Her phone number for your record is: 1-870-864-1281)**

**The Harpers who received money over the years were paid money from oil that came from the "Y" addition to the city of Lewisville and the Henry Moore addition. These fields are located in Section 16/16/24.**

**Here is the list of Harpers:**

1. **Paul Harper: Deceased**
2. **Laura Harper: Deceased**
3. **Sadie Harper: (Still living in Lewisville. Address P. O. Box 242, Lewisville, Arkansas. (See address and phone numbers. I believe she and her son, Calvin live on 5th Street. 870-921-4545)**
4. **Daisey Bell Donaldson, 826 East Washington St. Jonesboro, Arkansas 72401**
5. **Leon Harper: Deceased**
6. **Bobbie Lee Harper, Wife to Leon**
7. **Paul Harper Jr.: 5042 South 2nd St. Pheonix, Arizona 85040**
8. **Hardie Harper: P. O. Box 642, Lewisville, AR.**
9. **Tiza Harper: P. O. Box 384, Lewisville, AR.**
10. **Louis Harper: P. O. Box 576, Lewisville, AR**
11. **James Harper: P. O. Box 938, Lewisville, AR**

**(Note: Lydia Smith with Lion Oil Company couldn't give me information on the amounts of money that was paid to any of the above Harpers. She did say that there had not been any money paid out to any of them since the oil wells had dried up. She also gave me the above addresses. She said, "this is what's on the records at Lion Oil Company.")**

**I found out today that there is a 7 year statue of limitations in Arkansas that governs oil royalties. If an heir didn't sign off on drilling a well, his or her share would be placed in escrow for 7 years by the oil company. It the funds were not collected within 7 years, the funds were turned over to the State of Arkansas. With proof, those funds can be redeemed from the state. This is my understanding.**

**I researched the Oil Leases in Section 18/16/24 West and found no oil production on those lease records. Most of the Oil production came out of Section 17/16/24, the Rook Oil Field and Section 16/16/24 in the West Lewisville Oil Field.**

Exhibit A



265

# The United States of America,

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

Homestead Certificate No. 2298
Application 4798

Whereas there has been deposited in the GENERAL LAND OFFICE of the United States a CERTIFICATE of the Register of the Land Office at Camden Arkansas, whereby it appears that, pursuant to the Act of Congress approved 20th May, 1862, "To secure Homesteads to actual settlers on the public domain," and the acts supplemental thereto, the claim of Adam Harper has been established and duly consummated in conformity to law for the south half of the south-west quarter of section twenty, in township sixteen south of range twenty-four West of the Fifth Principal Meridian, in Arkansas, containing eighty acres.

according to the Official Plat of the Survey of the said Land returned to the GENERAL LAND OFFICE by the SURVEYOR GENERAL.

Now know ye, That there is therefore granted by the UNITED STATES unto the said Adam Harper, the tract of Land above described; TO HAVE AND TO HOLD the said tract of Land, with the appurtenances thereof, unto the said Adam Harper, and to his heirs and assigns forever.

In testimony whereof I, Chester A. Arthur President of the United States of America, have caused these letters to be made Patent, and the Seal of the General Land Office to be hereunto affixed.

Given under my hand, at the City of Washington, the ninth day of September, in the year of Our Lord one thousand eight hundred and eighty-two, and of the Independence of the United States the one hundred and seventh.

L.S.

By the President Chester A. Arthur

By Wm H. Cook, Sec'y.

S. W. Clark, Recorder of the General Land Office.

# OIL AND GAS LEASE

AGREEMENT, Made and entered into 18 day of July 1946 by and between Laura Harper, Guardian of Tiza Harper, Hardy Harper and L.T. Harper

of Lewisville, Arkansas hereinafter called lessor (whether one or more) and The Carter Oil Company of Box 801, Tulsa, Oklahoma, hereinafter called lessee:

WITNESSETH: That the lessor, for and in consideration of Fifteen and no/100 DOLLARS ($ 15.00), cash in hand paid, receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the lessee to be paid, kept and performed, has granted, demised, leased and let, and by these presents does grant, demise, lease and let exclusively unto said lessee, with the exclusive right of mining, exploring by geophysical and other methods, and operating for and producing therefrom oil, gas, casinghead gas, casinghead gasoline, and laying pipe lines, telephone and telegraph lines, and building tanks, power stations, gasoline plants, ponds, roadways and structures thereon to produce, save and take care of said products, and the exclusive right of injecting water, brine and other fluids into subsurface strata, and housing and boarding employees and any and all other rights and privileges necessary, incident to, or convenient for the economical operation alone, or conjointly with neighboring land, for the production, saving, and taking care of oil, gas, casinghead gas, casinghead gasoline and the injection of water, brine and other fluids into subsurface strata, all that certain tract of land situated in the County of LaFayette State of Arkansas, described as follows, to-wit:

20 acres in a square in the NE corner of the NW ¼ of SE¼ of Section 18, Township 16 South, Range 24 West

of Section 18 Township 16S. Range 24W. and containing 20 acres, more or less, it being the purpose and intent of the lessor herein to lease, and lessor does hereby lease, all of the lands owned by the said lessor which adjoin the lands above mentioned or which lie in the section or sections herein specified.

It is agreed that this lease will remain in force for a term of Ten years from this date and as long thereafter as oil, gas, casinghead gas, casinghead gasoline or any of them is produced from said leased premises, or drilling operations are continued as hereinafter provided. If, at the expiration of the primary term of this lease, oil or gas is not being produced on the leased premises but lessee is then engaged in drilling for oil or gas, then this lease shall continue in force so long as drilling operations are being continuously prosecuted on the leased premises; and drilling operations shall be considered to be continuously prosecuted if not more than sixty days shall elapse between the completion or abandonment of one well and the beginning of operations for the drilling of a subsequent well. If oil or gas shall be discovered and produced from any such well or wells drilled or being drilled at or after the expiration of the primary term of this lease, this lease shall continue in force so long as oil or gas shall be produced from the leased premises.

In consideration of the premises the said lessee covenants and agrees:

1st. To deliver to the credit of lessor, free of cost, in the pipe line to which lessee may connect his wells, the equal one-eighth part of all oil produced and saved from the leased premises, or at the lessee's option, may pay to the lessor for such one-eighth royalty, the market price for all oil of like grade and gravity prevailing on the day such oil is run into the pipe line or into storage tanks.

2nd. To pay the lessor one-eighth, at the market price at the well for the gas so used, for the gas from each well where gas only is found, while the same is being used off the premises, and lessor to have gas free of cost from any such well for all stoves and all inside lights in the principal dwelling house on said land during the same time by making his own connections with the wells at his own risk and expense.

3rd. To pay lessor for gas produced from any oil well and used off the premises or for the manufacture of casinghead gasoline, one-eighth, at the market price at the well for the gas so used, for the time during which such gas shall be used, said payments to be made monthly.

If no well be commenced on said land on or before one year from the date hereof, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the First National Bank at Lewisville, Arkansas, or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of one dollar per acre per year DOLLARS, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. All payments or tenders may be made by check or draft of lessee or any assignee thereof, mailed or delivered on or before the rental paying date. It is understood and agreed that the consideration first recited herein, the down payment, covers not only the privilege granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred.

Should the first well drilled on the above described land be a dry hole, then, and in that event, if a second well is not commenced on said land within twelve months from the expiration of the last rental period for which rental has been paid, this lease shall terminate as to both parties, unless the lessee on or before the expiration of said twelve months shall resume the payment of rentals in the same amount and in the same manner as hereinbefore provided. And it is agreed that upon the resumption of the payment of rentals, as above provided, that the last preceding paragraph hereof, governing the payment of rentals and the effect thereof, shall continue in force just as though there had been no interruption in the rental payments.

Lessee may at any time release this lease as to part or all of the lands above described

ARKANSAS

LaFayette

BEFORE ME, L. T. Park, a Notary Public in and for Lafayette County, Arkansas, personally ... is ... same

... June, 1947.

L. T. Park
Notary Public in and for
Lafayette County,
Arkansas

(Seal)

---

Filed for record in my office on this the 3rd day of July, 1947 at 8:00 o'clock and duly recorded in Record Book C-8 at page 388.

(Seal)

J. B. Jackson Clerk.

---

ARPS HARPER — CORRECTION OF DESCRIPTION — THE CARTER OIL COMPANY

WHEREAS, by instrument dated July 15, 1946, recorded in Record Book H-8, Page the Records of Lafayette County, Arkansas, IDELL THARPS HARPER, of Lafayette Arkansas, executed in favor of THE CARTER OIL COMPANY, P. O. Box 801, Tulsa, an oil and gas lease covering and affecting the following described property,

Twenty (20) acres in a square in the ... e

WHEREAS, ... Lafayette County, as the County ... is situated,

REPRODUCED AT THE NATIONAL ARCHIVES

*(The testimony of two witnesses, in this form, taken separately, required in each case. This form will be used both in final homestead proof and commutation proof.)*

# HOMESTEAD PROOF.

## TESTIMONY OF WITNESS.

Thomas Bridges being called as a witness in support of the homestead entry of Adam Kearney for S 1/2 of SW 1/4 of Section Twenty (20) in Township Sixteen (16) South - Range Twenty four (24) W testifies as follows:

Ques. 1. What is your post-office address?

Ans. Lewisville, Lafayette County, Arka

Ques. 2. What is your occupation?

Ans. Farmer

Ques. 3. Are you well acquainted with Adam Kearney

SAMUEL T. WHITEHEAD, P.L.S.

# SOUTHERN GEODETIC LAND SURVEYORS, LLC

WE HANDLE ALL OF YOUR SURVEYING NEEDS.
GPS-GEODETIC GRADE, OILFIELD, CONSTRUCTION, MORTGAGE, TIMBERLAND
ALTA, TOPOGRAPHICAL, SUBDIVISION DESIGN, ETC.

214 N. Washington
Suite 206
El Dorado, AR 71730

Office: (870) 864-9865
Fax: (870) 864-9866
Cell: (870) 510-7580

# TOWNSHIP 16S • RANGE 24W

SEE PAGES 14 & 15

Copyright © 2002 Marceline Mapping

SEE PAGE 22